```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| DAVID CUNNINGHAM,<br><br>            Plaintiff,<br><br>    v.<br><br>CAMDEN COUNTY CORRECTIONAL FACILITY,<br><br>            Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 17-0257(JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

David Cunningham, Plaintiff Pro Se
#555692-C
North State Prison
P.O. Box 2300
Newark, NJ 07114

**SIMANDLE, District Judge:**

I. **INTRODUCTION**

    David Cunningham seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Correctional Facility ("CCCF"). Complaint, Docket Entry 1.

    At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below it is clear from the complaint

that the claim arose more than two years before the complaint was filed. It is therefore barred by the two-year statute of limitations that governs claims of unconstitutional conduct under 42 U.S.C. § 1983. The Court will therefore dismiss the complaint with prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

**II. BACKGROUND**

Plaintiff alleges that he was detained at the CCCF on October 15, 2006 and remained in the facility for the following two years. Complaint § III. He further alleges that during this time he was "forced to endure deplorable and inhuman living conditions such as sleeping on the floor by the toilet, being in a cell with four other inmates, living in a filthy living area in which exposed me to the flesh eating bacteria known as Mercer [sic]." *Id.* Plaintiff requests that the Court to add him as a class member to the class action suit and to award him $1,250 in damages.[1]

---

[1] Given Plaintiff's reference to the "class action lawsuit" (Complaint § VI), the Court advises Plaintiff that he is one of thousands of members of a certified class in a case on this Court's docket captioned *Dittimus-Bey, et al. v. Taylor, et al.*, Civil Action No. 1:05-cv-0063-JBS, United States District Court for the District of New Jersey. The class plaintiffs are all persons confined at the Camden County Correctional Facility ("CCCF"), as either pretrial detainees or convicted prisoners, at any time from January 6, 2005 until the present time. The *Dittimus-Bey* class of plaintiffs seeks injunctive and declaratory relief concerning allegedly unconstitutional conditions of confinement at the CCCF involving overcrowding.

**III. STANDARD OF REVIEW**

Section 1915(e)(2) requires a court to review complaints prior to service of the summons and complaint in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

The *Dittimus-Bey* class action does not involve money damages for individuals. Various measures undertaken pursuant to the Court-approved Second and Third Consent Decrees have reduced the CCCF jail population to fewer prisoners than the intended design capacity for the jail, thereby greatly reducing or eliminating triple and quadruple bunking in two-person cells; these details are further explained in the Final Consent Decree, which would continue those requirements under Court supervision for two more years. This class action did not provide monetary compensation to the class members. The settlement did not bar any individual class member from seeking money damages in an individual case.

3

alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**IV. DISCUSSION**

Plaintiff's complaint alleges that he experienced unconstitutional conditions of confinement while he was detained in the CCCF between October 2006 and 2008. Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the action is based.'" *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014) (quoting *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)).

The allegedly unconstitutional conditions of confinement at CCCF would have been immediately apparent to Plaintiff at the time of his detention; therefore, the statute of limitations for Plaintiff's claims expired in 2010 at the latest, well before this complaint was filed in 2017. Plaintiff has filed his

4

lawsuit too late. Although the Court may toll, or extend, the statute of limitations in the interests of justice, certain circumstances must be present before it can do so. Tolling is not warranted in this case because the state has not "actively misled" Plaintiff as to the existence of his cause of action, there are no extraordinary circumstances that prevented Plaintiff from filing his claim, and there is nothing to indicate Plaintiff filed his claim on time but in the wrong forum. *See Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).

As it is clear from the face of the complaint that more than two years have passed since Plaintiff's claims accrued, the complaint is dismissed with prejudice, meaning he may not file an amended complaint concerning his detention at CCCF which commenced on October 15, 2006. *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).

## V. CONCLUSION

For the reasons stated above, the complaint is dismissed with prejudice for failure to state a claim. An appropriate order follows.

| | |
|---|---|
| **September 6, 2017** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | U.S. District Judge |

5